

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| SYNOVUS TRUST COMPANY, N.A., as the Guardian of the Property of BENJAMIN GUTHRIE MILTON, and DENESE M. DAVIS, Individually, and as Parent of BENJAMIN GUTHERIE MILTON, a Minor<br><br>Plaintiffs,<br><br>vs.<br><br>HONDA MOTOR COMPANY, LTD.; AMERICAN HONDA MOTOR CO., INC.; and HONDA R&D CO., LTD.<br><br>Defendants. | Civil Action<br><br>CV#: 4:03-CV-140-2 |

### STIPULATION AND TEMPORARY PROTECTIVE ORDER REGARDING CONFIDENTIALITY OF DOCUMENTS AND MATERIALS

WHEREAS, plaintiff(s) Synovus Trust Company as the guardian of the property of Benjamin Guthrie Milton and Denese M. Davis as the parent of Benjamin Guthrie Milton, by and through their attorneys, have requested defendant Honda Motor Co., Ltd., American Honda Motor Co., Inc., and Honda R&D Co., Ltd. (hereinafter "Honda"), to make available for inspection and/or copying, documents and various materials including, but not limited to, materials regarding the design, testing, manufacturing and marketing of the 1984 ATC 200S and similar products;

WHEREAS, Honda contends that some of these documents, information and other materials, including materials regarding the design, testing, manufacturing and marketing of the 1984 ATC 200S and similar products, are in whole or in part proprietary information, confidential business records and/or trade secrets, all of which is competitively sensitive data as herein after defined;

WHEREAS, Honda desires that the confidentiality of the documents and/or materials, and the information contained in the documents and materials, be maintained, as well as the



confidentiality of the fact of the existence of the documents and materials and other description and identity;

WHEREAS, Plaintiffs and Plaintiffs' attorneys agree on the conditions set out below to honor the desires of Honda to the extent that it is practical and reasonable to do so;

WHEREAS, there are pending Motions related Protective Order issues;

WHEREAS, there are pending discovery matters that can not proceed until the Protective Order Motion issues are resolved; and

WHEREAS, the parties do not want to postpone these pending discovery activities until the Court rules on the pending Motion related to Protective Order issues.

IT IS HEREBY STIPULATED THAT:

1. Entry of this Stipulation will not prejudice the positions of Plaintiffs or Honda in the pending Motions related to Protective Order issues.

2. Materials obtained during discovery in this case that are proprietary and confidential in nature are only to be disseminated by counsel for plaintiffs to their agents, servants, employees, consultants, experts or expert consultants, or to the Court in which this matter is pending for use in this case only until such time as an Order is entered on the pending Motions related to Protective Order issues.

3. The parties agree that other attorneys representing claimants alleged to be injured by a Honda ATV in other lawsuits can have access to these materials but do not agree on the procedures by which access will be provided. These procedures are the subject of the pending Motions relating to Protective Order issues. Until the Court rules on the pending Motions related to Protective Order issues, these materials shall not be provided to any person other than those lawyers or experts retained for this case and employees of those lawyers and experts.

4. The mechanism for determining that documents are confidential or proprietary is as follows.

    a. Honda must mark any documents claimed to be proprietary or confidential that Honda contend are governed by this Stipulation and Temporary Protective Order. If plaintiffs or

plaintiffs' attorneys require more than one copy of any confidential document or material produced pursuant to this Stipulation and Temporary Protective Order, they must ensure that each copy is made with the marking designating the confidentiality of the document and/or material and information contained therein. Any and all copies shall be treated in accordance with the terms of this Stipulation and Temporary Protective Order.

        b.     If plaintiffs' counsel contests the confidential designation of any item, plaintiffs' counsel and counsel for Honda are required by this Stipulation and Temporary Protective Order to consult in an attempt to come to an agreement as to the materials that are claimed to be of a confidential and proprietary nature. With respect to materials that plaintiffs' counsel and Honda's counsel cannot agree are proprietary, Honda will have the burden of establishing the proprietary and confidential nature of those materials. The motion by Honda must provide the underlying reasons and evidence supporting its contention with regard to contested matters as required by the applicable provisions regarding such protective order motions. Honda shall have 45 days to prepare this motion. The contested materials will remain under the terms of this Stipulation and Temporary Protective Order until such time as there is a ruling on the motion by Honda. If the Court denies Honda's request for protection and Honda states that it will seek a writ from that ruling, then the materials shall remain protected until the Court of Appeals rules on the writ from the order denying confidentiality.

        5.     Any and all of plaintiffs' experts, consultants and/or counsel associated in this litigation and any other individuals who have access to confidential documents and/or materials and/or information subject to this Temporary Protective Order, or to the substance hereof, or to any copies, prints or negatives thereof, shall be presented with a copy of this Temporary Protective Order. Those experts, consultants, counsel and other individuals shall not give, show or otherwise, directly or indirectly, disclose any of the confidential documents or materials or information subject to this Temporary Protective Order, or the substance thereof, or the existence thereof, or any copies, prints, negatives or summaries thereof, to any entity or person.

        6.     The law firm of Butler, Wooten, Fryhofer, Daughtery, and Crawford, LLP may keep

materials produced pursuant to this action after this action has been concluded. The parties do not agree on what procedures will be used to assure materials covered by this protective order are returned by experts or consultants retained in this case at the conclusion of this litigation. These procedures are the subject of the pending Motions relating to Protective Order issues.

7.  The parties to this action and their attorneys agree that all objections, including, but not limited to, objections based on relevancy, materiality and privilege, are reserved and all questions of admissibility may be asserted at the time of trial of any action in which such confidential documents and/or materials are used or proffered should any such party deem it proper.

8.  Confidential documents and materials, as those terms are used herein, mean information, including confidential and proprietary information about any Honda entity's business, products, practices or procedures that, in the ordinary course of business, is not voluntarily disclosed to the public or to third persons or entities who do not have a need to know and are entitled to protection under statute or case law dealing with the trade secret or otherwise confidential business information or materials.

9.  Documents or materials that concern, reflect, embody or constitute the foregoing may include, but shall not be limited to, correspondence, memoranda, notes, plans, specifications, blueprints, drawings, test reports, test procedures, test manuals, photographs, motion pictures, accident reporters, claims, videotapes, graphs, charts, financial and budget information, and deposition or trial transcripts and exhibits hereto. Confidential documents and materials shall be so designated by prominent markings placed on each document or item at or before the time the document or item is divulged or produced for inspection. If the marking renders illegible any text of said materials produced, Honda will immediately substitute new pages with markings that do not render illegible the text of said materials. If plaintiffs or plaintiffs' attorneys require more than one copy of any confidential document or material produced pursuant to this Temporary Protective Order, they must ensure that each copy is made with the marking designating the confidentiality of the document and/or material and the information contained therein. Any and all copies shall be treated in accordance with the terms of this Temporary Protective Order.

10. No party hereto shall be bound by this Temporary Protective Order as to any information that it possessed prior to this action, unless the information was obtained from the other party under circumstances requiring the first party to treat it as confidential.

11. Any party claiming that information designated by the other party as confidential has been in the possession of such first party or has been in the possession of the public prior to disclosure of such information in discovery herein shall have the burden of proving such earlier possession or such public knowledge of such information.

12. This Temporary Protective Order shall be without prejudice to the rights of the parties in any other action and applies solely to the above-captioned action.

13. The parties do not waive any rights they may possess to compel further discovery responses or to object to any further discovery requests made by either party.

14. Any confidential documents or materials attached as an exhibit to any deposition taken in this action, and any deposition testimony containing information from confidential documents and materials, and any papers filed with the Court in this action, which include or summarize any deposition transcripts, testimony or exhibits containing confidential information, as described herein, shall be sealed and protected from disclosure by this Temporary Protective Order; and neither plaintiffs nor plaintiffs' attorneys nor any other party hereto shall attack the propriety of the sealing or protection of such confidential documents and materials or any such depositions, exhibits or papers filed with the Court, after the conclusion of this litigation, whether by judgment or settlement or by any other means of dispute resolution. The use of such confidential information during depositions in this action does not waive the terms of this Temporary Protective Order.

15. The terms of this Temporary Protective Order shall remain fully active until vacated in connection with the pending Motion related to Protective Order issues. The Court shall retain jurisdiction over the parties, this Temporary Protective Order, and recipients of confidential documents and materials, for the sole purpose of enforcing this Temporary Protective Order and

adjudicating claims of breaches thereof and administering damages and other remedies related thereto.

IT IS SO STIPULATED:

DATED: 6/9/04

BUTLER, WOOTEN, FRYHOFER, DAUGHTERY & SULLIVAN, LLP

BY: Peter J. Daughtery
Attorneys for Plaintiffs

DATED: 6/8/04

BOWMAN AND BROOKE LLP

BY: William F. Auther
Attorneys for Defendant
Honda Motor Company, Ltd.,
American Honda Motor Co., Inc.,   and
Honda R&D Co., Ltd.

### ORDER OF THE COURT

IT IS SO ORDERED

DATED: June 14, 2004

_____
JUDGE OF THE U.S. DISTRICT COURT

ENTERED ON DOCKET
June 10, 2004
Gregory J. Leonard, Clerk
Deputy Clerk