IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| SYNOVUS TRUST COMPANY, N.A., as the Guardian of the Property of BENJAMIN GUTHRIE MILTON, and DENESE M. DAVIS, Individually, and as Parent of BENJAMIN GUTHRIE MILTON, A Minor | * * * * * * * | |
| Plaintiffs, | * * | Civil Action |
| v. | * * | No. 4:03-CV-140-2 |
| HONDA MOTOR COMPANY, LTD.; AMERICAN HONDA MOTOR CO., INC.; and HONDA R&D CO., LTD. | * * * * | |
| Defendants. | * | |

**PLAINTIFFS' RESPONSE TO DEFENDANTS'
MOTION FOR A PROTECTIVE ORDER AND REPLY TO
DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO COMPEL
PRODUCTION OF ALL DOCUMENTS WITHHELD BY DEFENDANTS
ON UNSUPPORTED CLAIMS OF CONFIDENTIALITY**

COME NOW Plaintiffs and request that this Court deny Defendants' untimely motion for a protective order or alternatively that this Court enter a sharing protective order in the form attached hereto.

**I.   The Honda Defendants did not move for a protective order or attempt to discuss the specifics of that order until April of 2004.**

Defendants represent to this Court in paragraph 5 of their motion that they "have negotiated since January 2004 over specific provisions of the protective order." The record does not support Defendants' representation. While it is true that Defendants said the mere words "protective order" as early as October of 2003, no specific provisions for that protective order

were proposed to Plaintiffs until April 7, 2004, and Honda did not seek an order from this Court until May 27, 2004.[1]

On January 27, 2004, Plaintiffs' counsel told the Honda Defendants they were not entitled to a protective order and requested production of certain documents within two weeks. (Defendants' Exh. 7). Defendants did not seek to negotiate the specific provisions of a protective order within those two weeks. Defendants did not seek to negotiate the specific provisions of a protective order in the remaining weeks of February of 2004. Defendants did not seek to negotiate the specific provisions of a protective order in March of 2004. Finally, on April 7, 2004, the Honda Defendants proposed specific provisions for a non-sharing order. Additional discussions between the parties, after April 7, 2004, failed to resolve the issues, and the Honda Defendants filed their motion for a protective order on May 27, 2004, in response to Plaintiffs' Motion to Compel the withheld documents.

The Defendants' failure to propose any specific provisions for a protective order between October of 2003 and April of 2004 or move this Court for an order is inexcusable. That delay, alone, between October of 2003 and April of 2004 is sufficient grounds for denying the request for a protective order. None of the cases upon which the Honda Defendants rely involve defendants who delayed for six months before providing any details or support for a protective order. *See* Drexel Heritage Furnishings, Inc. v. Furniture USA, Inc., 200 F.R.P. 255, 259 (M.D.N.C., 2001) (defendants very quickly and within the same month filed a motion for

---

[1] The Honda Defendants' own affidavit establishes that the specifics of a protective order were not discussed in October of 2003 or at the Rule 26(f) conference. The Honda Defendants' initial disclosures filed in December of 2003 again mentioned the mere words "protective order," but Defendants did not submit a proposed order to Plaintiffs. Defendants' letter of January of 2004 once again simply states the belief that a protective order is needed, again without a discussion of any specifics of that order. (*See* Defendants' Exh.'s 1 and 6).

protective order which set out in detail defendant's objections to producing the information); Brittain v. Stroh Brewery Co., 136 F.R.D. 408, 414 (M.D.N.C., 1991) (defendant noted objection and submitted a proposed consent order); Seminara v. City of Long Beach, 1995 WL 598097 at 4 (both parties attempted to negotiate a stipulated protective order). In this case, the Honda Defendants sat back and did nothing between October of 2003 and April 7, 2004, to resolve this issue. Now that Plaintiffs have filed a motion to compel, Defendants falsely claim they have negotiated since January of 2004 over specific provisions of the protective order because Defendants recognize they did not fulfill their obligations to promptly seek a protective order. The Court should deny the Honda Defendants' untimely motion.

> **II.     If the Honda Defendants timely negotiated the specifics of the protective order, protection should be given only to those categories of documents which the Honda Defendants have supported with evidence.**

The Honda Defendants submitted affidavits in support of their designation of three categories of documents as confidential. If the Court finds that the Honda Defendants timely negotiated the specifics of a protective order, the order should reflect that only three categories of documents are protected. Mr. Omagari's Affidavit identifies those allegedly protected documents as "documents in the XAO Collection of the Honda ATV Repository and testing documents and videotapes related to a specific model ATC." (*See* Defendants' Exh. 25, ¶ 3). Likewise, Mr. Carrara identifies the documents in dispute as those allegedly confidential documents "requested in discovery in the above-captioned matter from the XMD Collection at the Honda ATV Repository." (*See* Defendants' Exh. 26, ¶ 3). In addition, Mr. Row identifies the confidential documents in his affidavit as those documents and information pertaining to the marketing of Honda products. (*See* Defendants' Exh. 27, ¶ 2). Honda has failed to submit

evidence on any additional categories of allegedly confidential documents. Plaintiffs have attached a revised proposed order that clarifies that only three specific categories of documents are covered by the protective order -- the XAO documents, XMD documents, and the marketing documents.

### III. The Honda Defendants have not shown good cause for entry of a protective order with a restrictive notice provision.

If the Court finds the Honda Defendants' efforts to negotiate the specifics of a protective order are timely and concludes the evidence submitted by Defendants is sufficient for the three specific categories of documents, the parties' disagreement is whether under the terms of a sharing protective order the Honda Defendants should receive notice each time Plaintiffs share the documents. (*See* Defendants' Exh. 28, ¶ 1b). The Defendants' provision requiring notice of sharing to Honda violates Federal Rule of Civil Procedure 26, and Honda does not offer any reasonable explanation why such notice is even necessary.

The Honda Defendants' proposed order requires that Honda receive notice every time Plaintiffs share the documents with a consultant or expert consultant in this case. (*See* Defendants' Exh. 28 at 2.) Requiring Plaintiffs to identify consulting experts and give notice to Honda, strips Plaintiffs of their right to keep that information confidential. Such a provision clearly violates Federal Rule of Civil Procedure 26(b)(3) which provides that the identity of consultants remains confidential absent a showing of substantial need. Honda is not entitled to learn the identity of a consultant each time Plaintiffs seek a consultation with a non-testifying expert consultant.[2]

---

[2] Other attorneys with whom Plaintiffs' counsel may consult regarding this case or others are also protected by Rule 26(b)(3).

In addition, the Honda Defendants' explanation that a notice provision is warranted to conserve judicial resources is simply not credible. Honda contends that without such a provision, the Honda Defendants must apply to the Court to determine if there has been a violation of the Court's order each time confidential materials in this case appear in another case, thus wasting judicial resources. (Defendants' Brief at 17). Honda ignores the fact that someone with a pending claim against Honda would rightfully be in possession of the documents from this case because of the terms of a sharing order. The Honda Defendants have not shown good cause why they should be alerted to Plaintiffs' rightfully sharing the documents under the terms of a sharing order. The Honda Defendants certainly have not shown good cause or substantial need that would justify their invasion of Plaintiffs' consulting expert work product protection.

Finally, the Honda Defendants' remaining objections to Plaintiffs' proposed order are equally without merit. Under the sharing order proposed by Plaintiffs, the recipient must sign the order agreeing to its terms, the recipient must submit to the jurisdiction of this Court for enforcement of the order, and the recipient must consent to enforcement of the order after the conclusion of the underlying case. There are also provisions to insure that the documents remain protected in depositions.[3] The Plaintiffs' proposed order satisfies all of the Honda Defendants' legitimate concerns by keeping documents out of the hands of competitors but preserving Plaintiffs' right to use them in this case and others.

---

[3] Plaintiffs do not object to any additional time for the Honda Defendants to prepare and file a motion should a dispute arise over the confidentiality of the documents, and the attached order incorporates an extension from ten days to twenty days for Honda to seek such relief in this case.

## IV.   Conclusion.

The Honda Defendants' order should be rejected and the sharing order proposed by Plaintiffs entered by this Court if the Honda Defendants are found to have timely sought such relief in this case.[4]

This 23rd day of June, 2004.

                Respectfully submitted,

                BUTLER, WOOTEN, FRYHOFER
                  DAUGHTERY & CRAWFORD, LLP

BY: _____
      J. E. Butler, Jr., P.C., GA Bar # 099625
      Peter J. Daughtery, GA Bar # 205881
      Post Office Box 2766
      105 Thirteenth Street
      Columbus, Georgia  31902
      Telephone:     (706) 322-1990
      Facsimile:       (706) 323-2962

HAGLER AND HYLES

      Stephen Hyles, GA Bar # 381467
      Post Office Box 2055
      927 Third Avenue
      Columbus, Georgia  31902-2055
      Telephone:     (706) 324-0882
      Facsimile:       (706) 324-0839

---

[4] Plaintiffs believe that discussions between the parties have resolved any additional disputes with respect to the differing versions of the two protective orders other than the notice provision. Defendants have billed Plaintiffs over $71,218.75 to copy and produce documents in this case, and Honda cannot credibly claim these documents have to be returned at the conclusion of this case.

## CERTIFICATE OF SERVICE

I do hereby certify that I have this date served all counsel of record in the within matter with a copy of the above and foregoing pleading by depositing same in the United States mail with adequate postage affixed thereto and properly addressed to insure delivery to:

Mr. Richard A. Brown, Jr.
Whelchel, Brown, Readdick & Bumgartner
5 Glynn Avenue
Post Office Box 220
Brunswick, GA  31521-0220

Mr. Paul G. Cereghini
Mr. William F. Auther
Bowman and Brooke LLP
2929 North Central Avenue
Suite 1700
Phoenix, AZ  85012-2761

Mr. M. Stephen Hyles
Hagler & Hyles
927 Third Avenue
Post Office Box 2121
Columbus, GA  31902-2121

This _23rd_ day of _____June_____, 2004.

BUTLER, WOOTEN, FRYHOFER,
DAUGHTERY & CRAWFORD, LLP

By: _____
PETER J. DAUGHTERY
GEORGIA BAR NO. 205881

105 Thirteenth Street
Columbus, GA 31901
(706) 322-1990