IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| SYNOVUS TRUST COMPANY, N.A., as the Guardian of the Property of BENJAMIN GUTHRIE MILTON, and DENESE M. DAVIS, Individually, and as Parent of BENJAMIN GUTHRIE MILTON, A Minor | * * * * * * * | |
| Plaintiffs, | * * | Civil Action |
| v. | * * | No. 4:03-CV-140-2 |
| HONDA MOTOR COMPANY, LTD.; AMERICAN HONDA MOTOR CO., INC.; and HONDA R&D CO., LTD. | * * * * | |
| Defendants. | * | |

PROTECTIVE ORDER

In order to preserve and maintain the confidentiality of certain documents to be produced by HONDA MOTOR COMPANY, LTD., AMERICAN HONDA MOTOR CO., INC., and HONDA R&D CO., LTD. ("Defendants") in this action, it is ordered that:

1. Documents to be produced by Defendants to Plaintiffs during discovery in this litigation which contain confidential information shall hereafter be referred to as "Protected Documents." When used in this Order, the word "documents" means all written material, video tapes and all other tangible items, whether produced as hard copy, computer diskette, CD-ROM or otherwise. Except as otherwise indicated below, documents designated by Defendants "Subject to Protective Order" that are produced or delivered by Defendants to Plaintiffs and/or their attorneys, consultants, agents, or experts in this action shall be Protected Documents and given confidential treatment as described below. Defendants will visibly mark all confidential



material "Subject to Protective Order" and will not mark any other material "Subject to Protective Order."

2. Prior to designating any material as subject to this protective order, Defendants must make a bona fide determination that the material is a trade secret or otherwise confidential material that is subject to protection under the laws of the State of Georgia and/or federal law, whichever may be applicable. If Plaintiffs disagree with the designation by Defendants of any document as being subject to this protective order, Plaintiffs will so notify Defendants in writing. Defendants will, within ten days of receipt of such notice, apply to the court to set a hearing for the purpose of determining whether the disputed documents are entitled to protection in accordance with the applicable rules of civil procedure. Plaintiffs will consider any disputed documents subject to the protective order until the court rules.

3. Both the protected documents and the information contained herein shall be treated as confidential. Except upon the prior written consent of the Defendants or upon further order of this court, the Protected Documents or information contained therein may be shown, disseminated, or disclosed only to the following persons:

    (a) Plaintiffs' counsel of record in this case, including other members of counsel's law firm and any other counsel associated to assist in the preparation or trial of this case;

    (b) Employees of Plaintiffs' counsel or of associated counsel, who assist in the preparation or trial of this case;

    (c) Experts and consultants retained by the Plaintiffs for the preparation or trial of this case, provided that no disclosure shall be made

to any expert or consultant who is employed by a competitor of the Defendants;

(d) The court, or court's staff, witnesses, and the jury in this case;

(e) Other courts and other court's staff with the provision that the material may only be submitted for *in camera* inspection unless otherwise agreed to in writing by Defendants;

(f) Attorneys representing Plaintiffs, and the experts and consultants retained by Plaintiffs, in other cases against these same Defendants, individually or together, involving Honda ATVs provided that no disclosure shall be made to any expert or consultant who is employed or retained by a competitor of Defendants.

(g) A third party who is not employed by a competitor but who will arrange for copying and dissemination of the documents pursuant to this protective order.

4. Before giving access to any of the Protected Documents or the information contained therein, each person described in paragraphs 3(c), 3(e), 3(f), and 3(g) above shall be advised of the terms of this Order, shall be given a copy of this Order, and shall agree in writing, by signing a copy of this protective order, to be bound by its terms and to submit to the jurisdiction of this court, and agree that the terms of this Order shall remain in effect after resolution of this case.

5. Plaintiffs' counsel shall not be required to return the Protected Documents to Defendants after the conclusion of this case and may retain the documents pursuant to the terms

of this order, recognizing that the terms of this Order shall remain in effect after resolution of this case.

6. To the extent that Protected Documents or information contained therein is used in the taking of depositions, such documents or information shall remain subject to the provisions of this order.

7. This protective order shall not apply to the disclosure of Protected Documents or the information contained therein at the time of trial, through the receipt of Protected Documents into evidence or through the testimony of witnesses. The closure of trial proceedings and sealing of the record of a trial involve considerations not presently before the court. These issues may be taken up as a separate matter upon the motion of any of the parties at the threshold of the trial.

8. This protective order shall be binding upon the parties hereto, upon their attorneys, and upon the parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

AND IT IS SO ORDERED.

Signed this 28th day of June, 2004.

_____
Judge Clay D. Land
USDC, Middle District of Georgia

ENTERED ON DOCKET
July 1, 20 04
Gregory J. Leonard, Clerk
Deputy Clerk

AGREED TO:

---

Peter J. Daughtery, GA Bar No. 205881
Butler, Wooten, Fryhofer,
  Daughtery & Crawford, LLP
P.O. Box 2766
105 Thirteenth Street
Columbus, GA  31902
Telephone:  706/322-1990
Facsimile:  706/323-2962

Stephen Hyles, GA Bar # 381467
Hagler And Hyles
P. O. Box 2055
927 Third Avenue
Columbus, Georgia  31902-2055
Telephone:  706/ 324-0882
Facsimile:  706/ 324-0839

**Attorneys for Plaintiffs**

---

Richard A. Brown, Jr., GA Bar No. 089200
Whelchel, Brown, Readdick
 & Bumgartner
5 Glynn Avenue
Post Office Box 220
Brunswick, GA  31521-0220
Telephone:  912/264-8544
Facsimile:  912/264-9667

Mr. Paul G. Cereghini
Mr. William F. Auther
Bowman and Brooke LLP
2929 North Central Avenue
Suite 1700
Phoenix, AZ  85012-2761
Telephone:  602.248.0899
Facsimile:  602.248.0947

**Attorneys for Defendants**