IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

SYNOVUS TRUST COMPANY, N.A., \*
as the Guardian of the Property
of Benjamin Guthrie Milton, and \*
DENESE M. DAVIS, Individually,
and as Parent of Benjamin \*
Guthrie Milton, a Minor,
\*
    Plaintiffs
\*   CASE NO. 4:03-CV-140-2 (CDL)
vs.
\*
HONDA MOTOR COMPANY, LTD.;
AMERICAN HONDA MOTOR CO., INC.; \*
and HONDA R&D CO., LTD.,
\*
    Defendants
\*

## O R D E R

    Plaintiffs seek to take the video trial deposition of Koichi Amemiya, who was President of American Honda Motor Company, Inc., one of the Defendants in the above captioned case, from June 28, 1989 until July 15, 2003. Defendants object to the deposition, claiming that Mr. Amemiya does not possess any information that is relevant to Plaintiffs' claims, and if he does, that information can be obtained from lower level employees who presumably can be inconvenienced more easily than Mr. Amemiya.

    In addition to Plaintiff's product defect claims, Plaintiffs also assert claims against Defendants for the negligent failure to recall certain vehicles, including the one upon which Plaintiff was injured. Plaintiffs contend that Mr. Amemiya was President of one of the Defendants for approximately fourteen years and had an opportunity to make decisions regarding whether such vehicles should be recalled. Plaintiffs argue that he possesses relevant information about their

recall claim and relevant information regarding their claim for punitive damages.

The Court is unpersuaded by Defendants' implication that we have a "caste" litigation system which divides witnesses into classes--a privileged class that must be protected from the inconveniences associated with litigation and everyone else who must put aside private matters temporarily for the administration of justice. The Court finds that Plaintiffs should be permitted to depose the person who served for fourteen years as the President of the company against whom Plaintiffs assert their claims, particularly given the fact that the conduct of the company (which can only act through its agents) during those fourteen years is relevant to Plaintiffs' claims. Accordingly, Defendant shall make Koichi Amemiya available for video taped trial deposition prior to October 4, 2004. The examination by Plaintiffs' attorneys shall not exceed ninety minutes. However, if Defendants examine Mr. Amemiya at the deposition also, then Plaintiffs' examination shall not exceed ninety minutes or the amount of time consumed by Defendants' examination of Mr. Amemiya, whichever is greater.

IT IS SO ORDERED, this 11th day of August, 2004.

_____
CLAY D. LAND
UNITED STATES DISTRICT JUDGE

ENTERED ON DOCKET
8-11 , 20 04
Gregory J. Leonard, Clerk
Deputy Clerk